UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA HEBERT, individually and on behalf of others similarly situated | CIVIL ACTION<br><br>NO. 16-345 |
| VERSUS<br>AMERICAN AIRLINES, INC. | SECTION "N"  (3) |

## ORDER & REASONS

Before the Court is the "Motion to Remand" (Rec. Doc. 6), filed by the plaintiff, Linda Hebert and opposed by the defendant, American Airlines, Inc. (*see* Rec. Doc. 12). Now, having consider the parties' submissions and the applicable law, the Court rules as stated herein.

**I. BACKGROUND**

On or about October 17, 2014, Plaintiff Linda Hebert ("Hebert") booked a group travel reservation for herself and sixteen other individuals for a round-trip flight from Lafayette, Louisiana to Roatan, Honduras, serviced by American Airlines, Inc. ("American Airlines"). Per the requirements of American Airlines, Hebert made the group reservation over the telephone and paid a service charge of $35 per person. Following purchase of the tickets, American Airlines notified Hebert that one leg of her group's return flight, between Dallas, Texas and Lafayette, Louisiana, had been cancelled. It offered Hebert two options: (1) accept a change in flight, which would require the group to stay overnight in Dallas, Texas; or (2) receive a refund on the tickets. Hebert and her group opted for the latter option, but filed suit in state court after American Airlines refused to refund the $35 service charge. She asserts claims for breach of contract, unjust enrichment, and violation of the Louisiana Unfair Trade Practices Act ("LUTPA"), La. R. S. 51:1401 *et seq.*

Although only state law causes of action are raised, American Airlines removed the case, contending that the claims are preempted by the Convention for the Unification of Certain Rules for

International Carriage by Air ("Montreal Convention"), May 28, 1999, ICAO Doc. 9740, *reprinted in* S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000),[1] or, alternatively, the Airline Deregulation Act of 1978 ("ADA"). 49 U.S.C. § 1301 *et seq.* Hebert now moves to remand.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 534 U.S. 993 (2001). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir.2000)).

## III. LAW AND ANALYSIS

### 1. The Complete Preemption Doctrine

Federal district courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

---

[1] Entered into force on November 4, 2003, the Montreal Convention is a federal treaty that succeeded the Warsaw Convention, formally known as the Convention for Unification of Certain Rules for International Air, Oct. 29, 1934, *reprinted at* 49 Stat. 3000, *et seq.*

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As master of the complaint, the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Notwithstanding the well-pleaded complaint rule, Congress may choose to completely preempt a particular claim in that any civil complaint raising this particular type of claim shall be considered "federal" in nature. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). Complete preemption is found only in extraordinary circumstances, where "a federal regulatory regime is so extensive and comprehensive that it is possible to infer that Congress intended any related cause of action to be governed under federal law." *Id.* It requires a finding of Congressional intent "not merely to preempt a certain amount of state law, but also [ ] to transfer jurisdiction of the subject matter from state to federal courts. Unless Congress clearly manifests an intention to transfer jurisdiction to federal courts, there is no basis for invoking federal judicial power." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997) (internal citation omitted).

Where applicable, the Montreal Convention has been found to completely preempt state law claims that fall within its scope. *Samsung Austin Semiconductor, LLC v. Integrated Airline Services,* 2013 WL 105380, at *3 (N.D.Tex. Jan.9, 2013) (citing *El Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 169 (1999) and *Mbaba v. Societe Air France*, 457 F.3d 496, 500 (5th Cir. 2006)). Therefore, in this case, if the Court were to find that the Montreal Convention applies to any of Hebert's claims, then not only would the claims be preempted, but this Court would have federal question jurisdiction over the matter. *See Samsung Austin Semiconductor, LLC*, 2013 WL 105380, at *3.

### 2. Application of the Montreal Convention

The Montreal Convention is a "multilateral treaty that 'governs the rights and liabilities of passengers and carriers in international air transportation.'" *Bridgeman v. United Continental Holdings, Inc.*, 552 Fed.Appx. 294, 296 (5th Cir. 2013) (quoting *Galbert v. W. Carribean Airways*, 715 F.3d 1290, 1292 (11th Cir. 2013). Under the Convention, a presumption of liability against air carriers is established "for three categories of damages arising out of the international carriage of passengers or goods." *Atia v. Delta Airlines, Inc.*, 692 F.Supp.2d 693, 699 (E.D. Ky. 2010). Pertinent here is Article 19, which provides carrier liability "for damage occasioned by delay in the carriage by air of passengers, baggage or cargo." Montreal Convention, art. 19. If an action for damages, however founded, falls within Article 19, or one of the other two damage provisions, for that matter, then "the Convention provides the sole cause of action under which a claimant may seek redress for [her] injuries." *Atia*, 692 F.Supp.2d at 699 (quoting *Weiss v. El Al Israel Airlines, Ltd.*, 433 F.Supp.2d 361, 365 (S.D.N.Y.2006); *see also El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 172 (1999) ("The Convention's preemptive effect on local law extends no further than the Convention's own substantive scope.").

Whether a breach of contract claim arises from delay such that it is covered under Article 19 largely depends on the specific facts underlying the claim; the courts often decide this issue based on the remedial acts, if any, taken by the carrier. *See*, *e.g., Mizyed v. Delta Airlines, Inc.*, 2012 WL 1672810, at *4 (E.D.La. May 14, 2012) (J. Berrigan). For example, if a carrier "bumps" a passenger or cancels a flight, a claim for resulting damages would be viewed as sounding in delay so long as the airline offered the passenger a reasonable alternative, such as a seat aboard a different flight or, perhaps, a refund. *See id.*; *Fangbend Fuondjing v. American Airlines, Inc.*, 2011 WL 1375606, *4

(D.Md. Apr. 12, 2011) ("[I]t is the failure to provide alternative transportation that gives rise to nonperformance of the contract such that the exclusivity clause of the Convention is not triggered."). On the other hand, if the airline simply refuses to transport a passenger or offer her a refund for the unused portion of her ticket, then the claim would sound in non-performance and would not be subject to the Convention. *See Mizyed*, 2012 WL 1672810, at *4 (citing *Atia*, 692 F.Supp.2d at 699-701).

Of all the cases cited by the parties and reviewed by this Court, none address the Montreal Convention's application to a contract dispute strictly concerning fees. In the instant matter, Hebert's breach of contract claim, as well as her claims for unfair trade practice and unjust enrichment, stem directly from "the failure of American Airlines to refund the reservation charge." (Rec. Doc. 1-2 at p. 4). Applying the Convention to these claims would require a tortured reading of its provisions. Simply put, Hebert's claims do not seek recovery of damages occasioned by delay in the carriage by air of passengers or goods, which is the crux of Article 19. That is because delay is not what gave rise to Hebert's damages. Rather, it was the refusal of American Airlines, after the fact, to refund the group in full that has aggrieved Hebert. Thus, finding the contractual issue of reimbursement in this case to be independent from that of transportation, the Court concludes that Hebert's claims do not fall under Article 19 and the preemptive scope of the Montreal Convention.

### 3. The Preemption Defense under the Airline Deregulation Act of 1978

Moving on briefly from the Montreal Convention, American Airlines argues that Hebert's claims are preempted by the Airline Deregulation Act of 1978. However, the Fifth Circuit has held that Congress did not intend for the ADA to serve as a basis for invoking the jurisdiction of the federal courts. *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 925 (5th Cir. 1997). Therefore,

even if American Airline's argument proved true, the invocation of the ADA by way of a preemption defense would not bestow jurisdiction on this Court. Having determined the Montreal Convention to be inapplicable, the Court remands this case.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion is **GRANTED** and that the case is hereby **REMANDED** to the state court.

New Orleans, Louisiana, this 27th day of June 2016.

                                          **KURT D. ENGELHARDT**
                                          **UNITED STATES DISTRICT JUDGE**